JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Westminster American Insurance Company

**DEFENDANTS**

Spruce 1530, LLC and Al Shapiro

**(b)** County of Residence of First Listed Plaintiff   Baltimore
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William T. Salzer, Esquire, Swartz Campbell, LLC,
Two Liberty Place, 28th Floor, 50 South 16th Street,
Philadelphia, PA 19102, Phone: 215-299-4346

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201, 28 U.S.C. § 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   2/6/19

SIGNATURE OF ATTORNEY OF RECORD
*William T Salzer*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY | : | CIVIL ACTION |
| v. | : | |
| SPRUCE 1530, LLC and AL SHAPIRO | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)

| | | |
|---|---|---|
| 2/6/19 | William T. Salzer, Esquire | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-299-4346 | 215-299-4301 | wsalzer@swartzcampbell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 or 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 8890 McDonogh Road, Suite 310, Owings Mills, Maryland 21117

Address of Defendant: 909 Centennial Road, Narberth, PA 19072

Place of Accident, Incident or Transaction: 1520-1532 Spruce Street, Philadelphia, PA 19107

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/6/19 _____ _____ 42657
Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, William T. Salzer _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 2/6/19 _____ _____ 42657
Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
**BY:**   William T. Salzer, Esquire           Attorneys for Plaintiff
        Identification No. 42657
Two Liberty Place - 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190
wsalzer@swartzcampbell.com

| | |
|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY,<br><br>                         Plaintiff,<br><br>vs.<br><br>SPRUCE 1530, LLC, AL SHAPIRO,<br><br>                        Defendants. | CIVIL ACTION<br><br>NO. |

## DECLARATORY JUDGMENT COMPLAINT

Westminster American Insurance Company ("Westminster"), by and through its undersigned counsel, and pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.* institutes this action for declaratory judgment. In support of this civil action, Westminster avers, as follows:

## I.    PARTIES

1.    Plaintiff, Westminster American Insurance Company ("Westminster") is incorporated in the State of Maryland with a principal place of business located at 8890 McDonough Road, Suite 310, Owings Mills, Maryland 21117.

1

2.     Defendant, Spruce 1530, LLC ("Spruce 1530") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 909 Centennial Road, Narberth, Pennsylvania 19072.

3.     Defendant Al Shapiro ("Shapiro") is an individual who, upon information and belief, is a resident of the Commonwealth of Pennsylvania and who maintains a business address at 909 Centennial Road, Narberth, Pennsylvania 19072.  Upon information and belief, Shapiro is the managing principal member of Spruce 1530, LLC.

## II.    JURISDICTION AND VENUE

4.     This action is brought under the Declaratory Judgments Act, 28 U.S.C. § 2201.

5.     This court has jurisdiction over the Plaintiff's claim pursuant to diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is over $75,000.00 and the lawsuit involves citizens of different states.

6.     Venue in this court is appropriate pursuant to 28 U.S.C. § 1391 as the policy of insurance which is the subject matter of this lawsuit was issued to the policyholder Defendant Spruce 1530, LLC in Montgomery County, Pennsylvania and the underlying litigation to which the declaratory judgment action relates is pending in Philadelphia County, Pennsylvania.

## III.   The Underlying Civil Action

7.     The Westminster policyholder, Spruce 1530, LLC ("1530") and Al Shapiro ("Shapiro") (collectively referred to as "the 1530 Defendants") are defendants in a civil action brought by Touraine, L.P. in the Court of Common Pleas of Philadelphia County,

2

Docket No. 170603620. The initial Complaint was filed on November 29, 2017. The 1530 Defendants filed their Preliminary Objections to the Complaint on December 19, 2017.

8.      Touraine, L.P. filed an Amended Complaint on January 8, 2018. On January 29, 2018, the 1530 Defendants filed Preliminary Objections to the Amended Complaint. On February 19, 2018, Touraine L.P. filed its Second Amended Complaint. On March 12, 2018, the 1530 Defendants filed Preliminary Objections to the Second Amended Complaint.

9.      On April 2, 2018, Touraine filed its Third Amended Complaint. A true and correct copy of the Third Amended Complaint filed by Touraine, L.P. against Spruce 1530, LLC Shapiro is attached hereto as Exhibit "A" ("the Underlying Complaint"). On April 23, 2018, the 1530 Defendants filed their Preliminary Objections to the Third Amended Complaint.

10.     On June 14, 2018, the Court granted in part the 1530 Defendants' Preliminary Objections in the nature of a demurrer and entered an Order dismissing with prejudice Count I of Third Amended Complaint (Wrongful Use of Civil Proceedings) and overruled the Preliminary Objections to Count II (Abuse of Process). A true and correct copy of the Court's Order is attached as Exhibit "B".

11.     On July 10, 2018, the 1530 Defendants filed their Answer to the Third Amended Complaint with New Matter.

12.     The Touraine, L.P. is the owner of a building located at 1520-28 Spruce Street in Philadelphia which is immediately adjacent to a building owned by Spruce 1530 called the Newport Building. Touraine Third Amended Complaint, ¶23-24. The genesis of

the Underlying Action is a dispute between the two building owners over the boundary between the two adjacent and abutting buildings. Id. at ¶22-25.

13.    As described in the Complaint in the Underlying Action, the Touraine and Spruce 1530 were parties to two consolidated civil actions filed in the Court of Common Pleas of Philadelphia County, Spruce 1530, LLC v. Touraine, L.P. PCCP August Term 2015, Docket No. 00320 ("the 320 Action") and Touraine, L.P. v. Spruce 1530, LLC, July Term 2015; No. 3928 ("the 3928 Action"). Touraine Third Amended Complaint, ¶2.

14.    The litigation concerned ownership of improvements to the Newport building which extended over the property line and into a section of the Touraine. Id. at ¶50-56. Touraine alleges that Spruce 1530 and Shapiro referred to the encroachments as "Disputed Areas" despite the fact that there was never any real dispute that the encroachments existed without the Touraine's knowledge or consent. Id. at ¶54.

15.    Touraine avers that the permanent reference to the location of the boundary between the buildings was etched onto an external wall of the Newport such that there was no reasonable doubt as to location of the property line. Id. at ¶56-57.

16.    Touraine avers that Spruce 1530 acting by and through Shapiro advanced frivolous claims in the 320 Action by virtue of its Quiet Title Amended Complaint and in connection with its Answer and Counterclaim to the 3928 Action. Id. at ¶3-4.

17.    Touraine avers that Spruce 1530 at the direction of Shapiro attempted to misappropriate ownership of a portion of the Touraine property through legally infirm claims and that Shapiro knew that Spruce 1530 possessed no viable claim to the ownership of the property. Id. at ¶5.

4

18.   Touraine avers that Spruce 1530 through the litigation of the 320 and 3928 Actions sought to coerce Touraine to cede ownership of the disputed property through the threat of expensive litigation.  Id. at ¶6.   In this regard, it is alleged that Shapiro met with a Touraine representative to discuss the encroachments at which time Shapiro stated that Spruce 1530 would not remove the improvements but would instead file a lawsuit against Touraine that "was going to cost so much time and so much money that [Touraine] was joust going to give up" and cede the disputed property to 1530. Id. at ¶75.

19.   A non-jury trial of the "320" and "3928 Actions" took place before the Honorable Gene Cohen in which the court held in favor of Touraine with respect to the disputed issues of the location of the boundary between the Touraine and the Newport and as to Spruce 1530's claims with respect to the ownership of the disputed parcel under theories of boundary by consent or boundary by acquiescence.  Id. at ¶9.  By supplemental order dated January 23, 2017, the court awarded Touraine an injunction and monetary damages in the amount of $111,570.00.  Id. at ¶11.

20.   Touraine avers that it prevailed on the merits of the claims which terminated in favor of Touraine.  Id. at ¶18.  It alleges that it incurred losses in the nature of attorney's fees and other professional fees and costs in connection with these lawsuits. Id. at ¶19.

21.   Touraine avers that Spruce 1530 engaged in misleading tactics and a perversion of the litigation process in these lawsuits through its motion practice and handling of discovery which it alleges was primarily for the purpose of harming Touraine

and preventing Touraine from swiftly and efficiently completing the fact-finding process. Id. at ¶20.

22.     Touraine avers that Shapiro was aware that he was in possession of a property survey among Spruce 1530's business records that depicted the location of the property line between the two buildings and that he withheld the documents from production throughout discovery. Id. at ¶58.

23.     Touraine avers that Spruce 1530 obstructed the discovery process and used various components of the legal process for an ulterior purpose which sent Touraine on "wild goose chases" during discovery. Id. at ¶79. Touraine avers that Spruce 1530 abused the discovery process through repeated objections, delays, misidentification of witnesses and withholding relevant information which increased the costs of discovery. Id. at ¶79-87.

24.     Touraine avers that Spruce 1530 abused the summary judgment process by manufacturing supposed material issues of fact which did not otherwise exist by proffering representations regarding evidence to be adduced at trial which did not exist. Id. at ¶108-110. Touraine avers that these representations were knowingly false and made only to survive summary judgment and to prolong the case in an effort to impose more costs on Touraine. Id. at ¶109.

25.     Touraine alleges that as a result of Spruce 1530's bad faith gamesmanship, abuse of process and the continued changing of its legal theories, Touraine unnecessarily incurred legal expenses to protect its property rights from Spruce 1530's frivolous claims. Id. at ¶142.

6

26.     In Count I of the Third Amended Complaint in the Underlying Action, Touraine avers a claim of wrongful use of civil proceedings, 42 Pa. C.S.A. §8531 (also known as a "Dragonetti claim") in which it avers that the 1530 Defendants procured, initiated and continued civil proceedings against Touraine which were without basis in law or fact. It is alleged that the 1530 Defendants knew from the outset that the frivolous claims that they were prosecuting were meritless. Id. at ¶156.

27.     In Count II of the Third Amended Complaint, Touraine avers a claim for abuse of process in which it is alleged that the 1530 Defendants used legal process against Touraine primarily to accomplish a purpose for which the process was not designed. Id. at ¶163. This included misdirection employed during discovery, abuse of motion practice, abuse of the process of issuing subpoenas and deposition notices. Id. at ¶164. It is alleged that this was for the express purpose of imposing costs on Touraine to force it to give up ownership of the disputed areas of encroachment on the Touraine property. Id. at ¶165.

28.     Touraine seeks recovery of punitive damages by reason of the 1530 Defendants' wanton, willful and outrageous conduct. Id. at ¶168.

29.     Westminster provided Spruce 1530, LLC with a legal defense in the "320 Action" and "3928 Action" under a reservation of rights. Spruce 1530, LLC demanded indemnification of the trial court's monetary judgment rendered in favor of Touraine. Westminster contested any obligation to indemnify Spruce 1530, LLC for the trial court judgment.

30.     Westminster and the 1530 Defendants entered into a Settlement Agreement and Mutual Release, a true and correct copy of which is attached as Exhibit "F".

31.     Pursuant to the terms of the aforesaid Settlement Agreement, Westminster funded Fifty-two Thousand Five Hundred Dollars towards the payment of the Touraine's monetary judgment against Spruce 1530, LLC.

32.     The Settlement Agreement provided that "each party, for itself and its respective agents, insureds, shareholders, partners, officers, directors, attorneys, releases and discharges the other party" ... "of and from any obligation under or arising from the Policy with respect to the Underlying Action including defense costs incurred by either party in the Underlying Action.   The Underlying Action was defined to include the "320 Action" and the "3928 Action".

## IV.   The Westminster American Insurance Policy

33.     Westminster American Insurance Company issued Policy No. BOP 591003103 to ELS Associates covering the period February 15, 2017 through February 15, 2018.  Spruce 1530, LLC is a Named Insured.  Al Shapiro is an Insured. Spruce 1530, LLC and Shapiro were Insureds under Westminster American Policy No. BOP 591003103 for policy periods February 15, 2015 through February 15, 2016 and for successive annual renewals through February 15, 2018.   A true and correct copy of the Westminster Declarations for the 2017-2018 term are attached as Exhibit "C".

34.     Coverage under the Westminster Policy was conferred under Businessowners Special Policy Form AAIS BP 0200 01 04.  A true and correct copy of the operative Businessowners Special Policy Form is attached as Exhibit "D".

35.     The Westminster Policy confers Personal and Advertising Injury liability coverage under Coverage P which states, in pertinent part, as follows:

8

a.   We pay all sums which an insured becomes legally obligated to pay as "damages" due to "personal and advertising injury" to which this insurance applies. We have the right and duty to defend the insured against a "suit" seeking "damages" which may be covered under the Commercial Liability Coverage. However, we have no duty to defend the insured against a "suit" seeking "damages" arising out of "personal and advertising injury" to which this policy does not apply.

d.   We cover "personal and advertising injury" arising out of an offense committed in the course of "your" business if the offense was committed:

2)   during the policy period;

36.   The Policy defines a "personal and advertising injury" to mean an injury... arising out of one or more of the following offenses:

c.   Malicious prosecution

37.   The Policy does not include "abuse of process" as a "personal and advertising injury" offense.

38.   The Policy contains exclusions to coverage which, in pertinent part, state as follows:

2.   Exclusions

d.   We do not pay for "personal and advertising injury" arising out of an act committed by or directed by the insured who knew that "personal and advertising injury" would occur as a result of the act.

39. The Policy defines "damages" as "compensation in the form of money for a person who claims to have suffered an injury".

40.   On July 16, 2018, the 1530 Defendants first notified Westminster of the fact that the Spruce 1530 Defendants were named as defendants in the Underlying

9

Action. A true and correct copy of said letter is attached as Exhibit "E".

41.     In the July 16th correspondence, counsel for the Spruce 1530 Defendants requested that Westminster assume the legal defense of the Spruce 1530 Defendants.

42.     Westminster disclaimed any legal obligation to undertake the defense of the Spruce 1530 Defendants in the Underlying Action.

43.     As of July 16, 2018, the extant claim against the Spruce 1530 Defendants was restricted to one for common law abuse of process as the Dragonetti claim for wrongful use of civil proceedings was dismissed by the court on Preliminary Objections. A motion for reconsideration of the court's ruling was not filed.

44.     The Policy specifies duties of an insured in the event a "suit" is brought against an insured. The insured must promptly send to Westminster copies of all legal papers, demands and notices received in connection with such "suit". The Policy provides that no "suit" may be brought against Westminster unless all of the terms of the Commercial Liability Coverage have been complied with.

45.     The Spruce 1530 Defendants were aware of the lawsuit as of July 7, 2017 at which time they were served with a Writ of Summons.

46.     The Spruce 1530 Defendants were aware of the allegations of the Touraine Complaint on or about November 29, 2017 when the initial Complaint was filed.

47.     The first notice to Westminster of the lawsuit was by correspondence dated July 16, 2018.

## COUNT I-DECLARATORY JUDGMENT-NO PERSONAL AND ADVERTISING INJURY OFFENSE

48. Plaintiff incorporates the averments of Paragraphs 1 through 47 as if fully set forth herein.

49. As of the date on which the Spruce 1530 Defendants first tendered notice of the lawsuit, the Touraine's claims were confined by the court to one Count of "abuse of process" as the Dragonetti claim for wrongful use of civil proceedings was dismissed.

50. The Dragonetti Act is a codification of the common law tort of wrongful use of civil proceedings or otherwise known as malicious prosecution. The essence of the tort is the institution of the civil action for an improper purpose and without probable cause.

51. Abuse of process is the improper use of legal process after it has been issued primarily to accomplish a purpose for which the legal process was not designed.

52. Abuse of process differs from malicious prosecution in that the gist of the latter is the commencement of a legal action or causing legal process to issue without justification and abuse of process is the misuse of legal process after its issuance (otherwise justified in itself) but for an end for which it was not designed. Abuse of process is actionable irrespective of the merits of the lawsuit or whether legal process was correctly initiated.

53. Pennsylvania recognizes malicious prosecution and abuse of process as distinct torts.

54. Abuse of process is not one of the enumerated torts subsumed within the definition of "personal and advertising injury".

11

55.   Although malicious prosecution is an enumerated "personal and advertising injury" offense, Westminster's defense obligation was not triggered at the time that the Spruce 1530 Defendants first tendered notice of the lawsuit, as by that time, the malicious prosecution claim had been dismissed by the court.

56.   The duty to defend terminates when the claim is confined to the possibility of a recovery outside of the coverage of the policy.

57.   The insurer is not bound to defend an insured when it cannot be bound to indemnify, regardless of when the duty to defend comes to an end.

58.   As of July 16, 2018 when the Spruce 1530 Defendants first notified Westminster of the Underlying Action, the malicious prosecution claim was dismissed; therefore, Westminster had no potential duty to indemnify the Spruce 1530 Defendants for a covered claim.

59.   The possibility that the trial court's dismissal of the malicious prosecution claim might be ultimately reversed and vacated on appeal does not obligate Westminster to defend the remaining uncovered claim through conclusion.

60.   Westminster is not obligated to reimburse the Spruce1530 Defendants for their legal fees and costs incurred during the time that the malicious prosecution claim remained in the case because the Spruce 1530 Defendants had not tendered the defense to Westminster during that time period.

61.   The Spruce 1530 Defendants' failure to notify Westminster of the lawsuit constituted a breach of the Policy's notice conditions.

62. Accordingly, Westminster American does not have an obligation to defend or potentially indemnify the Spruce 1530 Defendants for the allegations of liability remaining in the Underlying Action as abuse of process does not constitute a "personal and advertising injury".

**WHEREFORE**, Westminster American Insurance Company respectfully requests that declaratory judgment be entered in its favor and against the 1530 Defendants and further requests that the Court declare that (1) Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC or Al Shapiro in the Underlying Action; (2) Westminster American Insurance Company is not obligated to reimburse Spruce 1530 or Al Shapiro for attorney's fees and costs incurred in the Underlying Action; and (3) such further and other relief that the court deems just and appropriate.

## COUNT II
## DECLARATORY JUDGMENT – KNOWING VIOLATION EXCLUSION

63. Plaintiff incorporates the averments of Paragraphs 1 through 62 as if fully set forth herein.

64. The Policy removes liability coverage for "personal and advertising injury" arising out of an act committed by or directed by the insured who knew that "personal and advertising injury" would occur as a result of the act.

65. Touraine alleges that the principal of Spruce 1530, LLC, Al Shapiro, committed to and threatened Touraine's principal with the specter of imposing legal costs to force it to cede its property rights to the disputed areas. Touraine Third Amended Complaint, ¶74-75.

13

66.    Touraine alleges that during the course of discovery in the "320 and 3928 Actions", Shapiro knowingly withheld production of a property survey prepared prior to the improvements of the Newport, with the understanding that this survey showed the location of the boundary line between the Touraine and Newport buildings as asserted by the Touraine.   Touraine Third Amended Complaint, ¶58.   Touraine alleges that the intentional withholding of this evidence resulted in Touraine expending effort and expense to authenticate other surveys depicting the location of the property line. Id.at ¶63.

67.    Touraine alleges that the Spruce 1530 Defendants with knowledge of the precise location of the property line separating the Newport from the Touraine, used the frivolous claims for the improper purpose of coercing Touraine to involuntarily convey the encroachments for zero consideration. Id. at ¶60.

68.    Touraine avers that Spruce 1530 acting by and through Shapiro "intentionally perverted the discovery process by using it to send Touraine on several wild goose chases and forcing Touraine to proceed with costly undertakings. Id. at ¶79. Touraine alleges that 1530 acting through Shapiro identified thirteen entities and individuals who supposedly had knowledge about the disputed areas and the factual basis of 1530's claims, which prompted Touraine to subpoena these persons for depositions and document production. It is alleged that most, if not all, of the third parties had absolutely no knowledge of the facts posited. Id. at ¶85.   It is alleged that 1530 engaged in a willful misdirection, concealment of material information and proffered untruthful information in its discovery responses which constituted a perversion of the legal process and abuse of process. Id. at ¶87.

69.   It is averred that Spruce 1530 and Shapiro abused the summary judgment procedure by knowingly and completely manufacturing supposed material issues of fact which did not exist to prolong the case and increase the costs to Touraine in the hope that Touraine would accede to their demands and compromise its ownership rights to the disputed property areas. Id. at ¶108-110.

70.   It is averred that Shapiro at all times knew that there was no evidence to support 1530's legal arguments at trial but that the assertions were knowingly false for the purpose of imposing the prospect of a costly trial. Id. at ¶109-111.

71.   An abuse of process requires some definitive act or threat not authorized by the legal process, in this case, Shapiro's threat to impose excessive legal costs on Touraine.

72.   The abuse of process claim is dependent on proof that the insured knowingly engaged in conduct which constitutes a perversion of the legal process for an improper purpose. Such claims are removed from coverage under the Knowing Violation exclusion.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that declaratory judgment be entered in its favor and against the Spruce 1530 Defendants and further requests that the Court declare that (1) Westminster American Insurance Company is not obligated to defend or indemnify Spruce 1530, LLC or Al Shapiro in the Underlying Action; (2) Westminster American Insurance Company is not obligated to reimburse Spruce 1530 or Al Shapiro for attorney's fees and costs incurred in the Underlying Action; and (3)  such further and other relief that the court deems just and appropriate.

## COUNT III
## DECLARATORY JUDGMENT – PUNITIVE DAMAGES NOT COVERED

73.    Plaintiff incorporates the averments of paragraphs 1 through 72 as if fully set forth herein.

74.    Touraine seeks the imposition of punitive damages on the Spruce 1530 Defendants.

75.    Westminster avers that it is not obligated to defend or potentially indemnify the 1530 Defendants for the claims asserted in the Underlying Action. In the alternative, should the court determine that a duty to defend exists, the Westminster policy affords no coverage for a claim of punitive damages.

76.    The Policy defines "damages" as "compensation in the form of money for a person who claims to have suffered an injury". Punitive damages are not compensation for an injury but instead punishment or exemplary damages to deter others from engaging in similar conduct. As such, punitive damages are not "damages" as defined by the Westminster Policy.

77.    In the alternative, public policy bars an insurer from indemnifying an insured against an award of punitive damages based on its commission of outrageous conduct as to provide indemnification would remove the deterrent effect of punitive damages.

78.    Accordingly, Westminster is not obligated to defend or indemnify the Spruce 1530 Defendants for the claims injunctive relief to order the removal of the encroachments or the cost of complying with such injunctive relief.

16

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and that the court issue a declaration that Westminster American Insurance company is not obligated to indemnify Spruce 1530, LLC, and Al Shapiro against an award of punitive damages in the Underlying Action.

<u>COUNT IV</u>
<u>DECLARATORY JUDGMENT</u>

79.     Plaintiff incorporates the averments of paragraphs 1 through 78 as if fully set forth herein.

80.     Westminster and Spruce 1530, LLC entered into a Settlement Agreement and Mutual Release as a result of the settlement of an insurance coverage dispute stemming from the "320" and "3928 Actions" in which Spruce 1530 LLC on behalf of its shareholders, officers, employees, inclusive of Al Shapiro, released Westminster of any obligation under or arising from the Policy "with respect to the Underlying Action".

81.     The plain meaning of the phrase "with respect to" is "having any connection with".

82.     Touraine's lawsuit for malicious prosecution and abuse of process is based on the assertion that it unjustifiably incurred legal fees and costs in the Underlying Action which should not have been borne but for the wrongful initiation of the lawsuit and the abuse of legal process after its issuance.

83.     The Touraine's lawsuit arises from the filing and prosecution of the "320" and "3928" Actions.  Touraine seeks to recover its attorney's fees, professional fees and costs

17

incurred in the "320" and "3928" Actions. Touraine's damage claim is factually connected to and dependent on the "320" and "3928 Actions".

84.     The aforesaid Settlement Agreement released Westminster of any obligation under or arising from the Policy with respect to the "320" or "3928 Actions" which would include the damages that are sought by Touraine consisting of their legal fees, professional fees and expenses incurred in those legal actions.

**WHEREFORE**, Westminster American Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Westminster American Insurance Company is not obligated to indemnify Spruce 1530, LLC or Al Shapiro for the damages claimed in the Underlying Action and such further and other relief that the court deems just and appropriate.

SWARTZ CAMPBELL LLC

William T. Salzer
Attorneys for Plaintiff
Westminster American Insurance Company

18